# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HUNTSMAN INTERNATIONAL, LLC and HUNTSMAN HOLLAND B.V., | ) ) ) ) | C.A. No. N17C-11-242 MAA CCLD |
| Plaintiffs/Counterclaim Defendants, | ) ) ) | |
| v. | ) ) | |
| DOW BENELUX N.V. and THE DOW CHEMICAL COMPANY, | ) ) ) ) | |
| Defendants/Counterclaim Plaintiffs. | ) ) ) | |

Submitted: May 23, 2024
Decided: August 13, 2024

*Dow's Motion to Strike Expert Report of Christopher Norek:*
**GRANTED**.

*Dow's Motion to Strike Portions of Expert Report of Louis Dudney:*
**DEFERRED**.

## <u>MEMORANDUM OPINION</u>

Lisa C. McLaughlin, Esquire, of PHILLIPS, MCLAUGHLIN & HALL, P.A., Wilmington, DE, and John N. Scholnick, Esquire (Argued), of ROSS, LLP, Los Angeles, CA, and Lori Sambol Brody, Esquire, of ELLIS GEORGE LLP, Los Angeles, CA, *Attorneys for Plaintiff/Counterclaim Defendants*.

Chad S. C. Stover, Esquire (Argued), of BARNES & THORNBURG LLP, Wilmington, DE, and Matthew B. Barr, Esquire, and Zachary Miller, Esquire, of BARNES & THORNBURG LLP, Indianapolis, IN, Attorneys for Defendants/Counterclaim Plaintiffs.

**Adams, J.**

This is the Court's decision on Dow's Motion to Strike Expert Report of Christopher Norek and Portions of Expert Report of Louis Dudney. This is the companion opinion to the Court's decision on Dow's Motion for Sanctions for Spoliation, issued today. The Court assumes familiarity with the facts of this case.

## I. Motion to Strike Expert Report of Christopher Norek

Dow argues that the Court should strike the expert report of Dr. Christopher Norek, a purported rebuttal expert for Huntsman. In support of this motion, Dow argues: (1) Dr. Norek's opinion is an improper rebuttal report because it "fails to rebut any of Dow's opening expert's opinions;"[1] (2) Dr. Norek's opinion "opines on the liability issue of whether Huntsman forecasted in good faith;"[2] (3) Dr. Norek does not rely on the expert opinion of Mr. Quincy Jones, the report Dr. Norek is purportedly rebutting;[3] and (4) Dr. Norek relies on documents produced after the close of fact discovery.[4]

The Court need not address each of Dow's arguments because the Court finds that Dr. Norek's report should be stricken on the ground that Dr. Norek's report did not rebut Dow's expert damages opinion. The Case Management Order Protocol for Expert Discovery in this case states: "[N]o party may submit an answering Expert

---

[1] Def.'s Mot. at 7.
[2] *Id.*
[3] *Id.* at 7–8.
[4] *Id.* at 9–10.

Report on a topic not addressed by the other party in an opening Expert Report."[5] The Court has reviewed thoroughly the expert report of Dow's expert, Mr. Jones, and compared it to Dr. Norek's report. Rather than rebutting Mr. Jones's damages opinion,[6] Dr. Norek instead opines on the ultimate issue in Dow's counterclaim, namely, whether Huntsman forecasted in good faith.[7] Astonishingly, Dr. Norek's report does not include Mr. Jones's report in the list of documents Dr. Norek reviewed, thus making it nearly impossible for his report to be a "rebuttal."[8] Also as glaring, a search of Mr. Jones's report reveals that his report does not even mention the word "damages." For these reasons, Dr. Norek's report is stricken in its entirety.

Huntsman's argument that Mr. Norek's report instead rebutted Mr. Jones's opinion on bad faith is unavailing.[9] Mr. Jones's expert report focused on calculating damages—assuming Huntsman's failure to provide good faith estimates—not on *if* Huntsman engaged in bad faith.[10]

---

[5] D.I. 197, Third Case Management Order, Ex. A. The Court granted an extension to some deadlines in the Third Amended Case Management Order on February 5, 2024, but no change was made to Exhibit A. D.I. 285. The Supreme Court of Delaware has made clear that expert discovery orders "have the same full force and effect as any other court order." *Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1238 (Del. 2012) (internal quotations omitted).

[6] Mr. Jones's report calculated damages for Dow's counterclaim regarding Huntsman's forecasts, assuming liability. By contrast, Dr. Norek opined on liability, without any opinion on damages.

[7] Dr. Norek states that he "see[s] no evidence that the so-called zeroing out [of forecasts] was undertaken in retaliation for anything." Stover Decl. Ex. H, at 5.

[8] Instead, Dr. Norek relies on documents he "considered in understanding how Huntsman's forecaster, Lauren Lozano, reached her recommendations for Huntsman's quarterly forecast to Dow." *Id.* at 11. Many of these documents, produced after the Court's January 2024 Order, have already been excluded pursuant to the Court's Sanction Decision.

[9] Pls.' Opp'n at 7–8.

[10] Stover Decl. Ex. G, at 3.

## II. Motion to Strike Portions of Expert Report of Louis Dudney

Dow separately moves to strike the portions of Huntsman's opening expert report from Mr. Louis Dudney, who provided an opinion based on two theories of liability: (1) the jetty repair costs; and (2) economic costs, calculated using a "ratio correction."[11]  Dow argues that Mr. Dudney's opinion regarding the "ratio correction" theory should be stricken because: (1) this theory of liability was never previously in the case—it was not mentioned in Huntsman's initial complaint or in the Amended Complaint;[12] and (2) Huntsman did not disclose the ratio correction theory in response to Dow's contention interrogatory asking for identification and detail about any costs Huntsman alleged Dow improperly charged to Huntsman.[13]

The Court declines to issue a decision on Dow's motion to strike portions of Mr. Dudney's testimony at this time.  Dow filed separately a Motion to Exclude Portions of Opinion and Testimony of Louis Dudney relating to other substantive matters in Mr. Dudney's expert report.[14]  The Court is set to hear oral argument on this motion, among other motions, at the pre trial conference on August, 28, 2024. The Court believes it is most efficient to issue a decision on the proper scope of Mr.

---

[11] Stover Decl. Ex E, at 5.
[12] Def.'s Mot. at 3, 5.
[13] *Id.* at 3, 5–6.
[14] D.I. 344.

Dudney's testimony as to all issues at or after that conference. The Court, therefore, will defer ruling on whether to strike the "ratio correction" theory.

## CONCLUSION

The Court hereby **GRANTS** the Motion to Strike as it relates to Mr. Norek's report and **DEFERS JUDGMENT** on the Motion to Strike as it relates to Mr. Dudney's opinion regarding the "ratio correction" theory.

**IT IS SO ORDERED.**

/s/ Meghan A. Adams

**Meghan A. Adams, Judge**